UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID MARK BARTELS,

        Defendant.

_____/

CASE NO. 1:24-cr-118

HON. ROBERT J. JONKER

### ORDER

The United States of America, by and through its counsel, moved on September 9, 2024, for entry of a discovery protective order to protect Personally Identifiable Information ("PII"). ECF No. 9.

The Motion is **GRANTED IN PART**. The Court has no problem with a protective order obligating recipients of the government discovery material to use the material only for purposes of defending the case, and limiting disclosure to persons reasonably necessary to facilitate that purpose. The Court also recognizes the propriety of requiring counsel to take all reasonable steps to avoid improper disclosure of PII. Those interests are fully protected by Paragraphs 1 and 2 of the proposed Protective Order. ECF No. 9-1. The Motion is **GRANTED** to that extent.

But the Court does not see good cause or other proper basis at this time to require a blanket ban on leaving unredacted material with the defendant. But this is what proposed paragraph 3 would require. The Motion is **DENIED** as to proposed paragraph 3.

With respect to proposed paragraph 3, a blanket rule that defense counsel not permit the defendant to retain unredacted copies of government discovery creates a potential barrier between

attorney and client; and potentially impairs the ability to mount an effective defense. There may be specific situations calling for this kind of protection, notwithstanding these risks. In a child pornography case, for example, a defendant should not have unrestricted access to copies of the alleged child pornography. And in any number of cases with a detained defendant, jail security concerns may prevent retention of government discovery material. In addition, government disclosures that go beyond required discovery—such as Jenks material—may properly be subject to a "no retention" requirement. But these situations rarely require court order because the parties routinely agree to sensible restrictions. And to the extent the parties cannot agree on specific items, they may bring the issue to the Court. The term "PII" is broad and undefined, and it is better to address any particular disagreements in the context of the specific information at issue.

Accordingly, the Motion for Protective Order is **GRANTED** as to proposed paragraphs 1 and 2 but **DENIED** as to proposed paragraph 3. This is the same approach the Court has used in other cases in the district. *See, e.g., United States v. Stauffer*, 1:15-cr-34, Order, ECF No. 17; *United States v. Ely*, Case No. 1:15-cr-128, Order, ECF No. 28; *United States v. Lockhart*, 1:16-cr-212, Order, ECF No. 11; *United States v. Paiva and Crowell*, Case No. 1:16-cr-139, Order, ECF No. 23; *United States v. Whyte*, Case No. 1:16-cr-216, Order, ECF No. 38; *United States v. Evans*, Case No. 1:16-cr-99, Order, ECF No. 15; *United States v. Anthony*, Case No. 1:21-cr-128, Order, ECF No. 50

Dated:   September 16, 2024            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE